## LEWIS SCHABINGER *v.* JOHN W. WARREN.

An agreement under seal for the payment of the stipulated price for land sold by the plaintiff to the defendant in certain biennial installments with interest, the last of which is not yet due and payable, is not an instrument of writing for the payment of money on which judgment can be entered at the first term under the statute, unless an affidavit of defence has been filed in the cause.

ACTION of covenant, and affidavit of the plaintiff with a copy of the cause of action filed as follows : " This agreement made and entered into the ninth day of August

A. D. 1867, between Lewis Schabinger, his heirs or assigns, of the county of Kent and State of Delaware, and John W. Warren, his heirs and assigns, of the same county and State, Witnesses that the said Lewis Schabinger for and in consideration of the sum of $1800 to be paid as follows, $200 August 9th, 1871, $700 August 9th, 1873, and the sum of $900 August 9th, 1875, with interest at six per cent., also the agreement of trees between John W. Ware and Samuel Erbert both of Philadelphia, doth grant, bargain and sell unto the said John W. Warren all that certain one hundred and ninety seven acres of land adjoining John Green and Charles Warren, situate in Murderkill Hundred &c. together with all and singular the appurtenances thereunto belonging or in any wise appertaining, excepting the agreement for the timber of James K. Burnite which expires January 1869. The said John W. Warren is to have the rent of the year from Isaac Reed of sixty dollars, also the said John W. Warren is to pay the taxes of the year. In defalcation of the above agreement we bind ourselves in the sum of two thousand dollars;" and which was signed and sealed by each of the above named parties to it. The cause of action as alleged in the affidavit, was the non payment by the defendant to him, the plaintiff, of the several sums of $200 and $700 due respectively on the 9th day of August 1871, and the 9th day of August 1873 with interest thereon; and that the sum demanded as due on the instrument, was $962.17, after deducting $108 paid by the defendant on or about the 9th day of August 1868, as per receipt given, and also the sum of $140 for five tons of phosphate bought of the defendant on or about the 5th day of October 1873.

The counsel for the defendant had filed on his behalf no affidavit of defence to the action, and moved the court to set aside the affidavit of the cause of action because it was not such a case, or cause of action as was contemplated and provided for in the statute under which it purported to have been filed.

The Court, Wootten and Wales, Associate Judges,

69

Gilpin, Chief Justice, absent, held that the agreement was not such an instrument for the payment of money as is provided for in the statute under which the copy of it as the cause of action with the affidavit of the plaintiff had been filed, and, therefore, ordered it to be set aside.

*Eli Saulsbury*, for the plaintiff.

*Day*, for the defendant.